# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN RE: § | CASE NO.: 19-42814 |
| **Mark Nicholas D'Amato,** § | |
| DEBTOR, § | CHAPTER 13 |
| § | |
| **U.S. Bank Trust National Association as Trustee of the Lodge Series III Trust,** § | |
| MOVANT, § | |
| § | |
| **Mark Nicholas D'Amato, and Carey D. Ebert, Trustee,** § | |
| RESPONDENTS. § | |

### ADEQUATE PROTECTION ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY AGAINST REAL PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C §362(d)(1)
### RE: 109 LINKS LANE, ANNETTA, TEXAS 76008

On this day came on for consideration the Motion for Relief from Automatic Stay filed by U.S. Bank Trust National Association, as Trustee of the Lodge Series III Trust ("**Movant**") pursuant to 11 U.S.C. §362(d)(1) of the Bankruptcy Code ( With Waiver of Thirty Day Hearing Requirement) (the "Motion").

1
AGREED ORDER AND STIPULATION ON MOTION FOR RELIEF FROM STAY

Movant by and through its attorney of record, GHIDOTTI | BERGER LLP, by Chase Berger, Esq., and the Debtor, Mark Nicholas D'Amato ("Debtor"), by and through his attorney of record, Deborah Blansett, agree to all matters contained in the Motion for Relief and ask the Court to enter this Agreed Order and Stipulation ("Agreed Order") evidencing the terms of their agreement.

## RECITALS

1. On October 14, 2019, Debtor filed a petition under Chapter 13 of the United States Bankruptcy Code, Petition No. 19-42814.

2. On February 18, 2008, Debtor executed and delivered to First Horizon Home Loans a Note with an original principal balance of $417,000.00 ("Note"). Concurrently therewith, and as security for the Note, Debtor executed and delivered to First Horizon Home Loans a Deed of Trust ("**Deed of Trust**"), dated February 18, 2008, and filed of record with the County Clerk of Parker County, Texas.

3. Movant is the current owner of the Note and is in possession of the original Note.

4. The real property is described as 109 Links Lane, Annetta, Texas, 76008 and more specifically described as:

    THE SURFACE ESTATE ONLY IN AND TO LOT 19, BLOCK 4, SPLIT RAIL ESTATES, SECTOR TWO, AN ADDITION TO THE CITY OF ANNETTA, PARKER COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT CABINET B, SLIDE 670, PLAT RECORDS, PARKER COUNTY, TEXAS.

5. As of April 06, 2021, Debtor is due and owing for the April 01, 2021 payment and all subsequent payments as follows:

    | Payments Due: | Payment | | Total Default |
    |---|---|---|---|
    | 4/01/2021 | @ $3,363.42 | = | $3,363.42 |
    | Attorney fees | | = | $1,050.00 |
    | Filing fees | | = | $188.00 |
    | Suspense | | = | ($3,174.29) |
    | **TOTAL DEFAULT** | | | **$1,427.13** |

6. An additional payment will come due on May 1, 2021 in the amount of $3,363.42.

7. Based upon the foregoing facts, the Court finds as follows:

## **STIPULATION**

8. The parties stipulate that unpaid amounts due post-petition total $1,427.13 (the "Delinquent Payment Amount"). The Delinquent Payment Amount will be reduced by any payments previously made by Debtor that have not been properly credited by Movant. Proof of any such payments must be provided to Movant within 30 days of entry of this Order. Within 60 days of entry of this Order, Debtor must either (i) pay the Delinquent Payment Amount or (ii) file a proposed modification of any confirmed plan to include the Delinquent Payment Amount. This Adequate Protection Order constitutes an allowed supplemental post-petition proof of claim for the post-petition arrears to be added to the plan. If the Debtor is required to file a modification or pay the Delinquent Payment Amount and fail to do either, it is a Final Default under this Order.

9. Debtor will make the May 1, 2021 payment, and all payments going forward in the amount of $3,363.42 (or as may be adjusted pursuant to the terms of the Note and Deed of Trust) continuing on the first day of each month thereafter within the grace period until the indebtedness is paid in full or a Court Order is entered otherwise.

10. In addition to maintaining the mortgage payments, Debtor shall be required to maintain all plan payments to the Chapter 13 Trustee.

11. Debtor must also maintain current insurance coverage on the property and must remain current on all post-petition taxes where applicable.

12. Upon any default in the terms and conditions set forth in paragraphs 8 through 11 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtor's counsel by U.S. Mail and Electronic Mail. Movant must also serve written notice of default on Debtor by U.S. Mail. If the Debtor fails to cure the default within 10 days after service of such written notice, Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the Court may grant without further notice or hearing.

13. Notwithstanding anything contained in this Adequate Protect Agreement to the contrary, the Debtor shall be entitled to two Notices of Default and opportunities to cure pursuant to the preceding paragraph. Once the Debtor has defaulted one time on the obligations imposed by this order and has been served with one Notice of Default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a Notice of Default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failure to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the Court may enter without further notice or hearing.

14. Movant shall be entitled to charge a fee of $150.00 for any ten (10) day written notice required because of default.

15. Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which movant would otherwise have been entitled under applicable non-bankruptcy law.

16. This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the property and/or against Debtor.

17. If Movant obtains relief from the stay based on Debtor's default under this Adequate Protection Agreement, the order granting relief will contain a waiver of the 14-day stay as provided in FRBP 7001(a)(3).

18. In the Event this case is converted to a Chapter 7 proceeding, the automatic stay shall be terminated without further notice, order or proceeding of the Court. If the automatic stay is terminated as a matter of law, the terms of this Order shall immediately cease in effect and Movant may proceed to enforce its remedies under non-bankruptcy law against the property and/or Debtor.

19. ORDERED to the extent the property is foreclosed and sold, any excess proceeds from the sale shall be turned over to the Trustee with a reservation of the issue as to whether the Debtor is entitled to such funds.

20. Upon notice of termination of the stay, the Trustee shall cease funding Movant's claim.

Signed on 4/21/2021

_____ YM
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

AGREED TO and APPROVED BY:

| | |
|---|---|
| */s/ Mark S. Rubin, Esq.* | */s/ Chase Berger Esq.* |
| Mark S. Rubin, Esq. | Chase Berger, Esq. |
| State Bar No.: 17361550 | State Bar No.: 24115617 |
| Rubin & Associates, PC | GHIDOTTI \| BERGER |
| 13601 Preston Rd., Suite 500E | 9720 Coit Road, Ste. 220-228 |
| Dallas, TX 75240 | Plano, TX 75025 |
| Tel: (214) 760-7777 | Tel: (305) 501-2808 |
| Fax: (214) 760-9100 | Fax: (954) 780-5578 |
| DeborahB@Rubin-Owens.com | bknotifications@ghidottiberger.com |
| COUNSEL FOR DEBTOR | COUNSEL FOR MOVANT |